UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON WILMOT,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC<br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>    Defendants. | Case No. 2:23-cv-01494-RSM<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT MIDLAND CREDIT MANAGEMENT AFFIRMATIVE DEFENSES OR FOR A MORE DEFINITE STATEMENT.** |

Pursuant to Fed. R. Civ. P. 12(f) and 12(e), Plaintiff Aaron Wilmot respectfully moves this Court to strike Defendant Midland Credit Management, LLC ("Midland") Affirmative Defense Nos. 1 and 4 for: (1) failure to meet the plausibility standard of *Iqbal/Twombly*; and/or and (2) failure to plead requisite particularity under Rule 9(b), and (3) failure to be affirmative defenses at all, but rather Rule 12(d) defenses, or denials of Plaintiffs claims. In lieu of striking the affirmative defenses order Defendant to amend the Answer to Plaintiff's complaint with a more definite statement.

**INTRODUCTION**

This case arises from Midland Credit Management ("Midland") alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f). The Plaintiff asserts that Midland failed to comply with its obligations under the FCRA by obtaining Plaintiffs consumer report without a permissible purpose.

Defendant's Affirmative Defenses do not allege any facts to support their broad, generic, and bare-boned conclusory allegations. In many instances, they merely recite the name of an alleged defense, without even articulating the elements of the defense, and certainly without alleging any supporting facts.

## FACTUAL BACKGROUND

1. Federal Rule of Civil Procedure 8(c) requires parties to set forth affirmative defenses in a responsive pleading. See Fed. R. Civ. P. 8(c). Federal Rule of Civil Procedure 12(f) authorizes the Court to "order stricken from any pleading any insufficient defense." See Fed. R. Civ. P. 12(f). A defense is insufficiently pled if it fails to give a plaintiff "fair notice" of the nature of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). As with a complaint, a pleading of affirmative defenses "must put a plaintiff on notice of the underlying factual bases of the defense." Hernandez, Jesse v. County of Monterey, 306 F.R.D. 279, 284 (N.D. Cal 2015). Pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

Most courts in this district and around the country consistently agree that the *Twombly/Iqbal* heightened pleading standard applies to affirmative defenses as it does to complaints. See, e.g., Hernandez 306 F.R.D. at 283. Thus, merely reciting the affirmative defenses without pleading any factual grounds, as Defendant did here, is insufficient and requires that the defenses be stricken. See Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (mere reference to legal doctrines of estoppel, waiver, laches,

and unclean hands is insufficient as a matter of law); BlackBerry Ltd. v. Typo Prod. LLC, No. 14-CV-00023-WHO, 2014 WL 1867009, at *5 (N.D. Cal. May 8, 2014) (striking defendant's affirmative defenses for equitable estoppel, patent misuse and others because the defenses "do not plead any facts" and thus "are insufficiently pleaded."); Hartford Underwriters Ins. Co. v. Kraus USA, Inc., 313 F.R.D. 572, 576 (N.D. Cal. 2016) ("Put another way, mere reference to a legal doctrine is not a sufficient affirmative defense absent allegations of supporting facts."). "[B]aldly naming ... broad affirmative defenses ... falls well short of the minimum particulars needed to identify the affirmative defense in question" sufficient to provide "fair notice." Hernandez, 295 F.R.D. at 504 (quoting Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir.1999). "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." Pepsico, Inc. v. J.K. Distributors, Inc., No. 8:07-00657, 2007 WL 2852647, *2 (C.D. Cal. Sept. 14, 2007). Applying *Twombly/Iqbal*'s heightened pleading standard requires that a defendant provide "some valid factual basis for pleading an affirmative defense" which allows courts to "weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings." Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (internal quotation marks omitted).

Even if the *Iqbal and Twombly* plausibility standard does not apply, affirmative defenses must be struck if they fail to provide "fair notice" of the defense to the responding party. See Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (granting plaintiff's motion to strike defendant's affirmative defenses because "eHelp's affirmative defenses fail to provide 'fair notice' of what the defense is and the grounds upon

which it rests."); Chidester v. Camp Douglas Farmers Co-op., No. 13-CV-520 (BBC), 2013 WL 6440510, at *3 (W.D. Wis. Dec. 9, 2013) ("[R]egardless whether *Twombly and Iqbal* apply to affirmative defenses, Rule 11 prohibits a party from listing an affirmative defense without any factual basis for doing so.").

Although motions to strike are usually disfavored, this motion serves to expedite and streamline this case so as to avoid needless discovery and motions.

### 2. Midland's Affirmative Defense No. 1

Plaintiff's Complaint alleges three causes action and has eight pages of allegations (Dkt. No. 1), yet Defendant broadly asserts that Defendant's complaint fails to state a claim without identifying why each cause of action alleged therein is deficient. Thus, Plaintiff has not been given fair notice as to Defendant's Affirmative Defense No. 1 because Defendant failed to allege any specific facts as support. Further, Failure to State a Claim is a Rule 12(b) defense, not an affirmative defense.

In view of the foregoing, Affirmative Defense No. 1 of Defendant's Answer should be stricken for failure to be an affirmative defense at all and/or failing to put Plaintiff on notice of how each of its causes of action allegedly fail to state a claim or order Defendant to amend affirmative defenses with a more definite statement.

### 3. Midland's Second Affirmative Defense

Defendant's second affirmative defense, which claims that the Plaintiff has not suffered any damages or injuries, as a result of the matters alleged. This defense is conclusory and fails to meet the "plausibility standard" set forth by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and further clarified in Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**Conclusory and Lacking Factual Support:** Defendant's assertion that Plaintiff has not suffered any damages or injury is a conclusory statement without factual backing, rendering it implausible under the Twombly/Iqbal standard.

**Well-Pled Facts Regarding Damages**: The Plaintiff's initial complaint lays out well-pled, factual allegations demonstrating the damages and injuries suffered, satisfying the Twombly/Iqbal "plausibility standard."

**Invasion of Privacy:** The Plaintiff's privacy was invaded when the Defendant accessed his/her credit report without a permissible purpose, causing distress and harm.

**Loss of Time**: The Plaintiff had to spend considerable time correcting the error, liaising with credit agencies, and engaging in legal processes to mitigate the Defendant's actions.

**Anxiety**: The unauthorized credit inquiry and the subsequent reporting inaccuracies caused significant anxiety, affecting the Plaintiff's well-being.

**Emotional Distress:** Plaintiff suffered emotional distress due to the violation of their privacy and the inaccuracies on the credit report, which have far-reaching consequences.

**Specific Legal Damages**: Plaintiff seeks actual, statutory, and potentially punitive damages, in line with the jurisdiction and specifics of the 15 USC § 1681b(f) violation. These damages include, but are not limited to financial loss, emotional distress, and legal fees.

**Case Law:** Numerous cases under the Fair Credit Reporting Act (FCRA) support the view that damages like invasion of privacy, emotional distress, and loss of time are compensable injuries, contrary to Defendant's baseless assertion that Plaintiff has not suffered damages.

Therefore, Defendant's affirmative defense regarding the lack of damages or injury should be stricken as it fails to meet the Twombly/Iqbal "plausibility standard" or amended with a more definite statement.

### 3. Midland's Third Affirmative Defense

Defendant's third affirmative defense, which contends that any damages suffered by the Plaintiff could have been mitigated through reasonable steps and, therefore, bars the Plaintiff from recovery. This defense is insufficiently pled and does not meet the "plausibility standard" outlined in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**Lack of Factual Basis:** The defense is a conclusory assertion without providing any factual context or details to support the claim. It fails to specify what "reasonable steps" the Plaintiff should have or could have taken to mitigate the alleged damages, thus lacking in plausibility as per the Twombly/Iqbal standard.

**Well-Pled Facts of Plaintiff's Actions:** The Plaintiff's initial complaint and supporting documents outline the proactive steps taken to address the unauthorized credit inquiry and subsequent reporting inaccuracies, such as contacting credit reporting agencies, attempting to correct the record, and pursuing legal redress.

**Causation and Mitigation:** The Defendant has the burden of proving that the Plaintiff failed to take reasonable steps to mitigate the damages. Yet, their defense provides no evidence or factual allegations that would suggest any failure on the Plaintiff's part to do so.

**Legal Principles and Precedents:** The duty to mitigate damages is generally more applicable in contract law and less so in tort actions, including those involving violations of statutes like the FCRA. Even within those domains, the burden is on the defendant to demonstrate that the plaintiff failed to mitigate and to what extent the damages could have been mitigated.

**Types of Damages:** The Plaintiff claims both emotional and financial damages, including invasion of privacy, emotional distress, and loss of time, which are not easily subject to mitigation in the same manner as purely economic damages.

Therefore, Defendant's affirmative defense regarding the Plaintiff's alleged failure to mitigate damages is insufficiently pled and should be stricken, as it fails to meet the legal standards for a plausible defense or amended.

### 4. Midland's Fourth Affirmative Defense

Defendant hereby gives notice that Discovery in this action is ongoing. Midland reserves the right to assert such other or further affirmative defenses as may be warranted by further pleading or fact investigation.

Midland's affirmative defense No. 4 does not satisfy the *Twombly/Iqbal* standard and does not provide fair, or any, notice to Plaintiff. This defense is rather an improper attempt to reserve yet unknown defenses. To the extent Midland's wishes to assert additional affirmative defenses based upon discovery, Midland can seek to file an Amended Answer.

**Conclusory and Non-Specific:** This affirmative defense fails to state any specific factual or legal basis for any potential future defenses, rendering it a conclusory statement that does not meet the Twombly/Iqbal "plausibility standard."

**Contradicts the Purpose of Pleadings**: The purpose of pleadings is to provide the opposing party with sufficient notice of the claims or defenses being asserted. This reservation-of-rights defense contradicts that purpose by not specifying any claim or defense.

**Impermissible Placeholder**: Reserving the right to assert future defenses without providing any substance or context for what those defenses could be seen as an

impermissible "placeholder" that fails to meet federal or state requirements for a well-pled defense.

**Prejudicial to Plaintiff:** Allowing such a vague and non-specific defense to remain would be prejudicial to the Plaintiff, who is entitled to know the specific defenses being asserted in order to adequately prepare for trial.

Therefore, Defendant Midland's fourth affirmative defense is insufficiently pled and should be struck or amended as it fails to meet the legal standards for a plausible defense.

*Plaintiff Would Suffer Undue Prejudice if This Motion to Strike or Order to Amend is Not Granted.*

"The obligation to conduct expensive and potentially unnecessary and irrelevant discovery is a prejudice." Bottoni v. Sallie Mae, Inc., No. C 10-03602 LB, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011). (emphasis added). A showing of prejudice "can arise from allegations that evince delay or confusion of the issues." Red Sky AG, LLC v. Curry & Co., Inc., 2015 WL 4571246, at *4 (D. Or., July 28, 2015) (quoting SEC v. Sands, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." California Department of Toxic Substances Control v. ALCO Pacific, Inc., 217 F. Supp. 2d

Motion To Strike                                9

1028, 1033 (C.D. Cal. 2002). Litigating Defendants' Ten Affirmative "and/or additional" Defenses, most with no factual support whatsoever, would be prejudicial to Plaintiff.

## CONCLUSION

As set forth above, Defendant has failed to plead its affirmative defenses with the (or any) degree of specificity required under Iqbal and Twombly, and thus, Affirmative Defense Nos. 1 and 4 of Defendant's Answer should be stricken or amended with a more definite statement. Plaintiff should not be required to expend more resources to properly litigate through Defendant's boilerplate affirmative defenses, all of which are insufficiently pleaded and do not provide fair notice. For the foregoing reasons, Plaintiff respectfully requests that this Court strike Defendant's affirmative defenses 1-4 or order Defendant to amend with a more definite statement.

Dated: November 01, 2023

By: /s/Aaron Wilmot
Aaron Wilmot
15711 4th Ave. S, #14
Burien, WA 98148
(206) 841-9899
fdcpainbox@gmail.com
*PRO SE*

Motion To Strike                              10