The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| AARON WILMOT., <br><br> Plaintiff, <br><br> v. <br><br> JEFFERSON CAPITAL SYSTEMS, LLC, MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendants. | Case No. 2:23-CV-01494-RSM <br><br> **DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MIDLAND'S AFFIRMATIVE DEFENSES OR FOR A MORE DEFINITE STATEMENT** |

I. **Introduction**

Plaintiff's Motion to Strike Defendant Midland's Affirmative Defenses or For a More Definite Statement (Dkt. No. 18, "Motion") should be denied. The Motion fails as a matter of law because it is premised on the erroneous notion that this Court applies the familiar *Twombly/Iqbal* "plausibility" pleading standard to affirmative defenses. In fact, this Court's decisions demonstrate that the appropriate standard requires simply that affirmative defenses provide "fair notice" of the defense. Here, Midland's affirmative defenses are relevant, appropriate, and sufficiently provide fair notice. Plaintiff's Motion serves only to unnecessarily multiply the proceedings, and is directly contrary to the underlying purpose of a motion to strike,

DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MIDLAND'S AFFIRMATIVE DEFENSES OR FOR A MORE DEFINITE STATEMENT; CASE NO. 2:23-CV-01494-RSM
PAGE 1

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

which is to *avoid* unnecessary cost and litigation. The Court should deny the Motion so the pleadings in this matter can be settled without further motion practice.

## II.     Relevant Factual Background

Plaintiff alleges in this case that Midland "obtained [p]laintiff's credit reports without permissible purpose" in violation of the federal and state Fair Credit Reporting Acts ("FCRA"). (Dkt. No. 11 at ¶¶ 12, 14, 30–40.) In particular, plaintiff alleges that Midland's alleged inquiries into his credit history were improper because "[p]laintiff never initiated a consumer credit transaction with the Defendants nor had an account with Defendants." (*Id.* ¶ 13.)

Midland filed an answer to plaintiff's amended complaint in which Midland generally denied plaintiff's allegations and, in particular, denied that "Midland never acquired an account relating to plaintiff." (Dkt. No. 17 ("Answer") ¶¶ 14, 30–40.) Midland also asserted four affirmative defenses, including that plaintiff fails to sufficiently state a claim for relief, that plaintiff lacks damages or an injury, that plaintiff failed to mitigate any alleged damages, and a reservation of the right to assert additional affirmative defenses as warranted by future pleading or fact investigation. (*Id.* at 8–9.)

In his Motion, plaintiff relies on cases from the Northern District of California to argue that "[m]ost courts in this district and around the country consistently agree that the *Twombly/Iqbal* heightened pleading standard applies to affirmative defenses as it does to complaints." (Motion at 2.) Plaintiff, therefore, argues that all four of Midland's affirmative defenses should be stricken because "merely reciting the affirmative defenses without pleading any factual grounds . . . is insufficient and requires that the defenses be stricken." (*Id.*)

## III.    Legal Standards

Federal Rule of Civil Procedure 8(c) requires that a party responding to a pleading "must affirmatively state any avoidance or affirmative defense[.]" The Ninth Circuit and the Western District of Washington have held under this rule that the familiar *Twombly/Iqbal* plausibility standard does not apply. *See Kohler v. Flava Enter., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)

DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MIDLAND'S AFFIRMATIVE DEFENSES OR FOR A MORE DEFINITE STATEMENT; CASE NO. 2:23-CV-01494-RSM
PAGE 2

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

(explaining that, when asserting affirmative defenses, "the pleading standards only requires describing the defense in 'general terms'"); *Cal. Expanded Metal Prods. Co. v. Klein*, No. C18-0659, 2018 WL 6249793, at *8 (W.D. Wash. Nov. 29, 2018) (holding that "the heightened pleading standard of *Twombly* and *Iqbal* does not extend to the pleading of affirmative defenses"). That is because under the Federal Rules, a plaintiff's claim must show that the plaintiff is "*entitled* to relief," whereas a defendant is merely required to "affirmatively *state* any avoidance or affirmative defense." *Compare* Fed. R. Civ. P. 8(a)(2) *with* Fed R. Civ. P. 8(c)(1) (emphases added); *see also Cal Expanded Metal Prods. Co.*, 2018 WL 6249793, at *8.

Courts in this district have accordingly uniformly held that an affirmative defense must be pleaded so as to give the plaintiff "fair notice" of the defense, rather than applying a heightened pleading standard. *See e.g.*, *Wyshak v. City. Nat. Bank*, 607 F.2d 824, 827 (1979); *Emazing Photography, LLC v. McCurdy Design Firm, LLC*, No. C22-0035, 2022 WL 14812674, at *3 (W.D. Wash. Oct. 26, 2022) (denying a motion to strike under *Wyshak*'s fair notice standard); *James v. Puget Sound Collections*, No. 22-5237, 2022 WL 2116603 (W.D. Wash. June 13, 2022) (same).

To sufficiently give a plaintiff "fair notice" of the theory underlying an affirmative defense, the "affirmative defense must merely describe the affirmative defense in general terms[.]" *Hunichen v. Atonomi LLC*, No. C19-0615, 2023 WL 4214979, *6 (W.D. Wash. April 6, 2023). "Detailed pleading" of an affirmative defense "is not necessary to give fair notice to the Plaintiff." *In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 08–md–1919 MJP, 2011 WL 1158387 (W.D. Wash. March 25, 2011). Rather, "the 'fair notice' required by the pleading standards only requires describing the defense in general terms." *Kohler*, 779 F.3d at 1019 (cleaned up). And, "with respect to some defenses, merely pleading the name of the affirmative defense . . . may be sufficient." *Mills v. Zeichner*, No. C23-1130JLR, 2023 WL 6143337, at *3 (W.D. Wash. Sept. 20, 2023).

DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MIDLAND'S AFFIRMATIVE DEFENSES OR FOR A MORE DEFINITE STATEMENT; CASE NO. 2:23-CV-01494-RSM
PAGE 3

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone:  503.243.2300

Finally, to warrant striking an affirmative defense under Federal Rule of Civil Procedure 12(f), the plaintiff must show that the affirmative defense is "redundant, immaterial, impertinent, or scandalous." The purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *James*, 2022 WL 2116603 at *1. In general, motions to strike affirmative defenses "are disfavored, because they may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018) (cleaned up).

### IV. Argument

Plaintiff's Motion fails under the standards described above. First, plaintiff is simply wrong that the courts "in this district . . . consistently agree that the *Twombly/Iqbal* heightened pleading standard applies to affirmative defenses as it does to complaints." (Motion at 2.) Although plaintiff may have an argument if he were litigating in the Northern District of California (the district responsible for every case cited in the Motion), the Western District of Washington has rejected the application of the *Twombly/Iqbal* plausibility standard to affirmative defenses, as described above. *See, e.g.*, *Cal. Expanded Metal Prods. Co.*, 2018 WL 6249793, at *8. Plaintiff's Motion fails for this reason alone—it is premised on an erroneous standard that does not apply.

Further, plaintiff has not, and cannot, articulate under FRCP 12(f) how Midland's affirmative defenses are "redundant, immaterial, impertinent, or scandalous." Courts in this district do not grant motions to strike when doing so will do "little more than tidy up the pleadings." *Lister v. Hyatt Corp.*, No. C18-0961JLR, 2019 WL 5190893, at *9 (W.D. Wash. Oct. 15, 2019); *Cashatt v. Ford Motor Co.*, No. 19-CV-05886, 2022 WL 1468815, at *5 (W.D. Wash. May 10, 2022). The goal of Rule 12 is to streamline proceedings and avoid the waste of money. *James*, 2022 WL 2116603 at *1. That goal is contradicted if, like here, plaintiffs bring motions simply for the Court to micromanage pleadings. *Forza v. Quick Collect, Inc.*, No. C21-

DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MIDLAND'S AFFIRMATIVE DEFENSES OR FOR A MORE DEFINITE STATEMENT; CASE NO. 2:23-CV-01494-RSM
PAGE 4

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

1645, 2022 WL 179236, at * 1 (W.D. Wash. Jan. 20, 2022) (denying motion to strike portions of complaint because the defendant "provided no analysis demonstrating why the paragraphs it move[d] to strike [were] immaterial and impertinent" and did not "sho[w] how striking the identified paragraphs would avoid unnecessary expenditure or streamline litigation"); *Lister*, 2019 WL 5190893, at *9 (explaining that "[g]ranting [the plaintiff's] motion on purely semantic grounds serves no purpose because the defense is available to [the defendant] even through trial").

Finally, Midland's affirmative defenses easily satisfy the correct "fair notice" pleading standard because each defense puts plaintiff on notice of the defense in general terms and thereby "identif[ies] the legal theory upon which they are based[.]" *See Dooley v. CP Dev. Corp.*, No. 2:18-cv-00355-SAB, 2019 WL 13299989 (E.D. Wash. April 8, 2019). Midland's defenses go to the heart of the elements and subject matter of plaintiff's claims, and plainly state the nature of each defense. Where granting plaintiff's motion to strike would not streamline the proceedings in any way, and would instead increase the costs to the parties going forward, a motion to strike should be denied. *See Lister*, 2019 WL 5190893, at *9 (denying a motion to strike because "[the plaintiff] would still have the burden of proving her prima facie case, and [the defendant] could still argue that [the plaintiff] does not state a claim or otherwise does not meet her burden with respect to one of the elements of her claim"). The Motion fails to set out any reason to strike the affirmative defenses under any standard, and should be denied.

In the alternative, if the Court sees fit to strike any portion of Midland's pleading, Midland requests leave to amend. As a general matter, leave to amend should be freely given. *See* Fed. R. Civ. P. 15(a)(2). Here, even if the Court were to determine that Midland's straightforward affirmative defenses do not provide fair notice, any defect could be easily rectified by amendment, although that should not be necessary.

DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MIDLAND'S
AFFIRMATIVE DEFENSES OR FOR A MORE DEFINITE
STATEMENT; CASE NO. 2:23-CV-01494-RSM
PAGE 5

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

### V. Conclusion

Plaintiff's motion to strike applies the wrong legal standard and would not streamline the proceedings in any capacity. Midland's affirmative defenses provide fair notice to plaintiff regarding the affirmative defenses it asserts. This Court should deny the Motion, or in the alternative, grant Midland leave to amend its pleading.

DATED November 13, 2023.

HOLLAND & KNIGHT LLP

By: *s/ Garrett S. Garfield*
Garrett S. Garfield, WSBA No. 48375
E-mail: garrett.garfield@hklaw.com
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300
Fax: 503.241.8014

*Attorneys for Defendant Midland Credit Management, Inc.*

DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MIDLAND'S AFFIRMATIVE DEFENSES OR FOR A MORE DEFINITE STATEMENT; CASE NO. 2:23-CV-01494-RSM
PAGE 6

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MIDLAND'S AFFIRMATIVE DEFENSES OR FOR A MORE DEFINITE STATEMENT to be served on the following person(s):

Aaron Wilmot
15711 4th Ave., S, #14
Burien, WA 98148
Telephone: (206) 841-9899
E-mail: fdcpainbox@gmail.com

*Plaintiff pro se*

Ryan W. Vollans
Williams Kastner and Gibbs
Two Union Square
601 Union St Ste 4100
Seattle, WA 98101
Telephone: 206-628-2781
Email: rvollans@williamskastner.com

*Attorneys for Defendant Jefferson Capital Systems, LLC*

by causing the document to be delivered by the following indicated method or methods:

☑  by CM/ECF electronically mailed notice from the Court on the date set forth below.

☑  by mailing full, true and correct copies thereof in sealed, first-class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐  by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐  by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐  by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED:  November 13, 2023.

      *s/ Garrett S. Garfield*
      Garrett S. Garfield